IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cr-93-MHT |
| | ) | |
| STACY LEMARCUS COLEMAN | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. The defendant, Stacy Lemarcus Coleman ("Coleman" or "Defendant") was charged in an indictment returned on March 14, 2018. The Indictment charges Coleman with one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* Doc. 1. Pending before this Court is the *Defendant's Motion to Dismiss and Statement of Authorities* (Doc. 19) and the *Response of the United States to Defendant's Motion to Dismiss* (Doc. 19) which is (Doc. 24). The Court held an evidentiary hearing on August 14, 2018. Based on the evidence presented to the Court, arguments of the parties, and for the reasons set forth herein, the Magistrate Judge recommends that the *Defendant's Motion to Dismiss and Statement of Authorities* (Doc. 19) be **DENIED**.

**FACTUAL BACKGROUND**

The parties agree that the facts of the case are essentially not in dispute. On January 16, 2008, Coleman was convicted of Robbery First Degree, in the Circuit Court of Montgomery, Alabama. Robbery First Degree is a felony under the laws of the State of Alabama and a predicate felony for purposes of 18 U.S.C. § 922(g)(1). On November 9, 2016, Coleman was taken into custody on for speeding and somehow found to be in possession of a pistol. Coleman

was charged with possession of a pistol by a person forbidden to possess a firearm.  *Ala. Code §* 13A-11-72(a). The Alabama statute forbids any person convicted of Robbery First Degree or other felonies from possessing a pistol. On August 22, 2017, Coleman pled guilty to the charge and thereafter received a 20 year sentence with the conditions that Coleman serve five years in the Department of Corrections to be followed by three years of probation.  On November 9, 2016, the Grand Jury for the Middle District of Alabama returned an indictment against Coleman for being a felon in possession of a firearm.  The United States concedes the facts underlying the arrest of Coleman on November 9, 2016 are the basis for the case at bar.

### LAW AND DISCUSSION

Coleman moves to dismiss the Indictment on grounds that the dual sovereigns doctrine violates the Double Jeopardy Clause.  Coleman concedes that as the law presently stands his argument fails under binding precedent. *Abbate v. United States*, 359 U.S. 187, 189-196 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 138 (1959), *United States v. Lanza*, 260 U.S.. 377, 382, (1922); *United States v. Bidwell*, 393 F. 3d 1206, 1209 (11th Cir. 2004); *United States v. Hayes*, 589 F. 2d 811, 817-818 (5th Cir. 1979).   Defense cites *Gamble v. United States*, 2018 WL 3148287, (June 28, 2018)  a case the United States Supreme Court has taken on writ of certiorari, as authority that the Court is set to reverse the dual sovereign doctrine.  While Defense may be correct that the Supreme Court may reverse, modify or leave intact the dual sovereign doctrine, the dual sovereign doctrine remains in effect unless and until the Supreme Court chooses to act.  Without further action by the Supreme Court, the dual sovereigns doctrine stands and allows the prosecution of Coleman without offending the Double Jeopardy Clause.

### CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the *Defendant's Motion to Dismiss and Statement of Authorities* (Doc. 19) be **DENIED**. It is further **ORDERED** that the parties file any objections to this Recommendation on or before **August 29, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 14th day of August, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE