IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )        2:18cr93-MHT
                              )            (WO)
STACY LEMARCUS COLEMAN        )
```

ORDER

At an on-the-record status conference on November 29, 2023, defendant Stacy Lemarcus Coleman appeared one hour late, contending that he had transportation and childcare issues. At the hearing, he struggled greatly to respond to simple questions and to communicate his ideas clearly. After the hearing ended, the supervising probation officer told him he seemed "high as a kite," at which point he teared up, denied using illicit drugs, and attributed his demeanor to the side effects of some of his medications and his inability to pay for others. *See* Status Report (Doc. 95) at 1.

Based on the representations made in open court, including the court's own observations of defendant Stacy Lemarcus Coleman's disoriented manner of

speaking, and the supervising probation officer's account of her exchange with him after the hearing, it is ORDERED that the court will not take any further action on the noncompliance summary report filed by the supervising probation officer (Doc. 88) except to the following extent:

(1) On or before January 16, 2024, the supervising probation officer and defense counsel are to file a report, either jointly or separately, on the following issues:

(a) whether defendant Stacy Lemarcus Coleman has obtained employment, and, if so, where;

(b) whether he has been prescribed psychotropic medications and, if so, what those medications are and whether he is taking them as instructed;

(c) whether arrangements have been made for him to resume counseling with Dr. Kale Kirkland (which he admitted at the hearing he needed) and, if so, whether such counseling has addressed the issues identified in

2

the evaluation performed by Dr. Adriana L. Flores (Doc. 52-1), as well as the disorientation he displayed in and after the court hearing, his current alleged problems with his neighbors, and the supervising probation officer's concern that he has reverted to the use of illicit, albeit undetectable, drugs;

    (d) what further assistance he requires, if any, to obtain insulin and whether his attorney or the supervising probation officer has helped him apply for insurance, including through the FRSH Start Program;

    (e) finally, whether these matters are being addressed before he begins his employment and whether they can still be addressed once he obtains employment without interfering with his work (though the court notes that he will likely be unable to maintain his employment unless his mental-health (including disorientation) and alleged drug-use problems are not adequately addressed as well before and during any employment).

3

  (2) Another status conference, by Zoom, is set for January 22, 2024, at 8:30 a.m.  Only defense counsel, government counsel, and the supervising probation officer need to be present.

  DONE, this the 30th day of November, 2023.

            /s/ Myron H. Thompson
           **UNITED STATES DISTRICT JUDGE**